UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| DR. STEPHANIE BARBER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:21-cv-00051-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| HORIZON YOUTH SERVICES, LC, | ) | **ORDER** |
| *et al*, | ) | |
| | ) | |
| Defendant. | | |

*** *** *** ***

This matter is before the Court on Defendant's Motion to Dismiss for Lack of Jurisdiction. [R. 24.] On June 23, 2022, Plaintiff's Title VII claim was dismissed without prejudice. [R. 18.] This dismissal left only state claims pending. *Id.* Now, Defendant moves the Court to decline to exercise supplemental jurisdiction and to dismiss without prejudice all remaining state claims. [R. 24.] Plaintiff has not filed a response in opposition and the response time has expired.

This matter originated in federal court. It was not filed in state court and then removed to federal court. [*See* R. 1.] "Under 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a claim if 'the district court has dismissed all claims over which it has original jurisdiction[.]'" *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 233 (6th Cir. 1997). "Indeed, 'if the federal claims are dismissed before trial, … the state claims [generally] should be dismissed as well." *Id.* (quoting *Taylor v. First of Am. Bank-Wayne*, 973 F.3d 1284, 1287 (6th Cir. 1992) (internal citations omitted)). When a case originates in federal court, no state court exists to accept a remanded case. Consequently, when a federal court declines to exercise supplemental jurisdiction over pendent state claims whose origination was in federal

court, "the proper recourse is to dismiss [the] pendent state […] claim without prejudice." *Kerr v. Kaiser*, 1992 U.S. App. LEXIS 28349, at *4 (6th Cir. 1992); *McWilliams v. Dialog EMS, Inc.*, 2007 U.S. Dist. LEXIS 42875 (N.D. Ohio June 13, 2007) ("[b]ecause this case was not removed from state court, the Court further declines to remand or 'transfer' this action.  Instead, Plaintiffs' claims […] are hereby dismissed without prejudice.")

Accordingly, having reviewed this record, Plaintiff having failed to respond, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Defendants' Motion to Dismiss [R. 24] is **GRANTED**, all remaining state claims filed against Defendants are **DISMISSED WITHOUT PREJUDICE**, and this matter is **STRICKEN** from the Record.

This the 16th day of September, 2022.

Gregory F. Van Tatenhove
United States District Judge